IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:15-CR-73-7

CRAIG HAYNES

**ORDER STRIKING MOTION REQUESTING DISMISSAL**

On August 8, 2016, Craig Haynes filed a pro se motion titled, "Defendant's Motion Requesting Dismissal of the Indictment." Doc. #275. In the motion, Haynes asks the Court to "dismiss the indictment on a constitutional violation" on grounds that he has been denied his right to a speedy trial. *Id.* at 1–2. The Court will not reach the merits of Haynes' pro se motion because it violates the hybrid representation rule.

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel …." "Courts have consistently interpreted this statute as stating a defendant's rights in the disjunctive" such that a "criminal defendant does not have the right … to a 'hybrid representation,' partly by counsel and partly by himself." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). Accordingly, "unless an attorney's actions effectively deny the defendant his sixth amendment right to the assistance of counsel, the defendant is bound by his attorney's decisions during trial." *Id.* Where a litigant violates the hybrid representation rule by filing a pro se motion while represented by counsel, a court may strike such a filing. *See Martinez v. Dretke*, 426 F.Supp.2d 403, 534 (W.D. Tex. 2006) ("There is … no right to hybrid representation on appeal. Therefore, this Court will strike petitioner's pro se motions.") (internal citation omitted); *United States v. Young*, 99 F.3d 1135, 1996 WL 595643, at *1 (5th Cir. 1996) (unpublished table decision) ("This brief is stricken from the record because it constitutes hybrid representation, and there is no right to such representation on

appeal.").

Haynes has had counsel in this case since June 30, 2015, when the Federal Public Defender was first appointed to represent him, with such appointment to "remain in effect until terminated or a substitute attorney is appointed or retained." Doc. #22. On July 1, 2015, the Court substituted LeRoy D. Percy in place of the Federal Public Defender as Haynes' counsel of record. Doc. #33. On August 20, 2015, the Court, on motion by Percy,[1] substituted the Federal Public Defender for Percy as Haynes' counsel. Doc. #61. The Court appointed John H. Daniels, III, in place of the Federal Public Defender on August 24, 2015. Doc. #62. On September 3, 2015, Kenneth J. Grigsby entered an appearance as counsel for Haynes.[2] Doc. #70. The same day, on Daniels' motion advising that Haynes had retained Grigsby to represent him, the Court, through text order, permitted Daniels to withdraw as Haynes' counsel. Grigsby has been Haynes' counsel since then, and there is no question that Grigsby represented Haynes at the time Haynes filed the instant pro se motion seeking dismissal. In his pro se motion, Haynes does not argue or present any proof that he is being denied his Sixth Amendment right to assistance of counsel. In the absence of such proof or argument by Haynes, Haynes is not entitled to partially represent himself and also have his counsel of record partially represent him.

Accordingly, Haynes' pro se motion requesting dismissal of the indictment [275] is **STRICKEN** from the record in this case.

**SO ORDERED**, this 10th day of August, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[1] The motion represented that an irreconcilable conflict had arisen between Haynes and Percy, that Haynes expressed a desire to be represented by a different attorney, and that Haynes indicated he would no longer communicate with Percy regarding his defense. Doc. #60.

[2] Grigsby filed an "Amended Entry of Appearance" on September 4, 2015, Doc. #72, after the Clerk instructed that he re-file his appearance document with the correct case number.