# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                          NO. 4:15-CR-73-7

CRAIG HAYNES

## ORDER DENYING SEVERANCE

Before the Court is Defendant Craig Haynes' motion to sever. Doc. #382. Because the motion fails to establish a sufficient basis for severance, severance will be denied.

## I
## Relevant Procedural History

On June 26, 2015, Craig Haynes and six other individuals were named in a nineteen-count indictment charging them with various crimes related to a drug distribution conspiracy. Doc. #1. On August 31, 2016, following three superseding indictments and four trial continuances granted at the request of some of Craig's codefendants, the Government filed a fourth superseding indictment charging Craig Haynes, Steven Haynes, Derrick Jones, Talisa Shivers, Sidney Avant, III, and Sidney Avant, Jr., with crimes related to the same alleged conspiracy. Doc. #310.

Specifically, the Fourth Superseding Indictment charges: (1) Craig,[1] Steven, Jones, and Shivers with conspiracy to possess with intent to distribute heroin (Count One); (2) Steven and Jones with two counts of conspiracy to murder a person with intent to prevent attendance and testimony at an official proceeding (Count Two and Count Three); (3) Steven, Craig, and Shivers with conspiracy to commit money laundering (Count Four); (4) Craig with distribution of heroin (Count Five); (5) Steven with four counts of distribution of heroin (Counts Six through Nine);

---

[1] To avoid confusion, the Court will refer to Craig Haynes and Steven Haynes by their first names.

(6) Jones with three counts of distribution of heroin (Counts Ten through Twelve); (7) the Avants with obstruction of justice (Count Thirteen); and (8) the Avants with accessory after the fact (Count Fourteen).

On October 7, 2016, Craig filed a motion for severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Doc. #382. The Government responded in opposition to the motion to sever on October 17, 2016, Doc. #395; and Craig replied on October 25, 2016, Doc. #411.

**II**
**Analysis**

Generally, a motion to sever requires a court to undertake two distinct inquiries: (1) whether initial joinder was proper under Rule 8(b) of the Federal Rules of Criminal Procedure; and (2) if initial joinder was proper, whether severance should be granted under Criminal Rule 14(a). *See United States v. McRae*, 702 F.3d 806, 820–22 (5th Cir. 2012). Craig does not dispute that initial joinder was proper under Rule 8. Accordingly, the only question before the Court is whether severance should be granted under Rule 14(a).

Rule 14(a) provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Notwithstanding this rule, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Accordingly, "[i]t is the rule, … not the exception, that persons indicted together should be tried together, especially in conspiracy cases." *McRae*, 702 F.3d at 821 (internal quotation marks omitted). Indeed, in conspiracy cases, "while the district court must guard against undue prejudice, it need not protect conspirators from evidence of their confederates' acts in

2

furtherance of their common illegal aim." *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998).

Even where potential prejudice is shown, "Rule 14 does not require severance ...." *Zafiro*, 506 U.S. at 538–39. "[R]ather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id*. at 539. In light of the general preference for a single trial, "[t]o warrant severance under Rule 14, the burden is upon the defendant to show clear prejudice." *United States v. Welch*, 656 F.2d 1039, 1053 (5th Cir. 1981). This prejudice must outweigh the government's interest in judicial economy, *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994); and must be incurable through jury instructions or other means, *Welch*, 656 F.2d at 1054.

In his motion and his reply, Craig argues that his motion to sever should be granted because a joint trial would: (1) violate his right to a speedy trial; (2) deprive him of the right to call his codefendants as witnesses; (3) involve antagonistic defenses between Craig and his codefendants; (4) violate his privilege against self-incrimination; (5) deprive him of the ability to "control" his defense; (6) result in confusing "spillover" evidence; and (7) be unfairly long.[2]

### A.  Speedy Trial Concerns

Craig argues that severance is warranted because he is presently incarcerated awaiting trial and "is opposed to a continuance in this matter [beyond] January 9, 2017."

A defendant subject to pretrial detention may not seek severance based on a continuance to which he consented, particularly where, as here, he has alleged no actual prejudice resulting from the delay. *See United States v. Carter*, No. 12-198, 2015 WL 1897613, at *3 (E.D. La. Apr. 27, 2015) ("Carter's complaints regarding the continuances in this matter, and the resulting

---

[2] While arguments raised for the first time in a reply brief may be deemed waived, *United States v. Jackson*, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995); this Court, in the interest of judicial efficiency, will consider all of Craig's arguments.

3

pretrial detention, ring hollow in light of his agreement to all of his codefendants' motions to continue until now. Moreover, Carter's conclusory claim that he 'is prejudiced by not being able to move forward and have his day in court' falls well short of the requisite showing of actual prejudice.") (internal footnote omitted).

Since filing his motion to sever, Craig consented to a continuance beyond January 9, 2017. The Court granted this continuance based, in part, on Craig's non-opposition to the requested relief. Accordingly, because Craig consented to the most recent continuance, he cannot show actual prejudice resulting from a delay. Therefore, his speedy trial concerns do not justify severance.

### B. Right to Call Codefendants as Witnesses

Next, Craig argues that if he "is tried jointly with the other defendants charged in the indictment, he will be deprived of his right to call said defendants as witnesses on his behalf ...."

To justify a severance based on a codefendant's willingness to provide exculpatory evidence, a movant must establish: "(1) a bona fide need for the testimony; (2) the substance of [the] testimony; (3) the exculpatory effect of [the] testimony; and (4) an indication that [the codefendant] would testify if the trial was severed." *United States v. Owens*, 683 F.3d 93, 99 (5th Cir. 2012). Under this test, "without an affidavit from the co-defendant himself or other similar proof, 'conclusory allegations' that a co-defendant would testify and what he or she would testify about [are] not sufficient." *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007) (internal alterations omitted). "Representations by the [movant's] attorney are not sufficient." *Id*.

Here, Craig has failed to satisfy any of the required elements. Accordingly, severance will not be granted on this ground.

### C. Antagonistic Defense

Craig contends that "a joint trial will subject [his] defense to be compared to those of his co-defendants who could invariably put forth defenses that would be inconsistent with Craig Haynes."

"When co-defendants raise conflicting defenses … severance is required when the defenses are antagonistic to the point of being irreconcilable and mutually exclusive." *United States v. Lee*, 744 F.2d 1124, 1126 (5th Cir. 1984) (internal quotation marks omitted). The primary purposes of this rule are to prevent: (1) "a defendant [from] having to face what amounts to two prosecutors – the state and his co-defendant;" and (2) "a situation in which each defendant is the government's best witness against the other." *Id*. To meet this exacting standard, "the essence or core of the defenses must be in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Id*. (internal alterations omitted). Thus, "[d]efendants may disagree on the facts not comprising the core of their defenses without generating the kind of prejudice that mandates severance." *Id*. When seeking severance based on antagonistic defenses, conclusory allegations of conflicting defenses are insufficient to justify severance. *See United States v. Grace*, No. 4:09-cr-19, 2010 WL 419381, at *2 (S.D. Miss. Jan. 29, 2010) ("Defendant Grace has neither asserted nor established that his defenses are actually antagonistic to those of the other defendants, and the conclusory statement that the defendants' positions will not be identical is not sufficient."); *see also United States v. Daniels*, 281 F.3d 168, 178 (5th Cir. 2002) (affirming denial of severance where defendant "offered the court only vague and conclusory assertions that the defense theories were in conflict").

In support of his motion, Craig offers nothing but a conclusory assertion that the trial presents a risk of "potentially antagonistic defenses." This bare statement cannot justify severance under the antagonistic defense doctrine.

### D. Loss of "Control" of Litigation

Craig argues that a joint trial creates "competing interests of each defendant throughout the trial" and that the competing interests "will deprive [Craig's] defense counsel of unrestricted control of the defense of charges against him ...." Specifically, Craig claims "a jointly-conducted trial will invariably effect [his] trial strategy, cross-examination, [and] presentation of evidence, thus depriving [him] of due process of law."

Where a defendant seeks severance based on interference with trial strategy, he must show "in what way the trial strategy, cross-examination and presentation of evidence by any defendant other than himself might interfere with the orderly presentation of the case on the part of each defendant in a joint trial." *United States v. Montague*, 326 F. Supp. 911, 913 (N.D. Miss. 1970). Craig has made no such showing here.

### E. Privilege Against Self-Incrimination

Craig, citing to *De Luna v. United States*, 308 F.2d 140 (5th Cir. 1962), next contends that he will be prejudiced if one of his codefendants testifies because "Courts ... recognize that if one defendant testifies at trial, but the other co-defendants do not, counsel for the testifying defendant has the absolute right to comment on the co-defendants' failure to testify."

In *De Luna*, the Fifth Circuit held:

> In a criminal trial in a federal court an accused has a constitutionally guaranteed right of silence free from prejudicial comments, even when they come from a co-defendant's attorney. If an attorney's duty to his client should require him to draw the jury's attention to the possible inference of guilt from a co-defendant's silence, the trial judge's duty is to order that the defendants be tried separately.

308 F.2d at 141. However, "[t]he *De Luna* rule applies only when it is counsel's duty to make a comment [about a co-defendant's silence], and a mere desire to do so will not support an incursion on a defendant's carefully protected right to silence." *Gurleski v. United States*, 405 F.2d 253, 265 (5th Cir. 1968). A duty to comment on a co-defendant's silence "arises only when the arguments of the co-defendants are antagonistic." *United States v. Wilson*, 451 F.2d 209, 215 (5th Cir. 1971). Accordingly, where a defendant has not shown the existence of antagonistic defenses, *De Luna* will not justify a severance. *Id.*; *see United States v. Fisch*, No. H-11-722, 2015 WL 128090, at *3 (S.D. Tex. Jan. 8, 2015) ("*De Luna's* holding has been limited to situations in which codefendants tried together assert mutually exclusive or irreconcilably antagonistic defenses.") (citing *United States v. Sandoval*, 847 F.2d 179, 183 (5th Cir. 1988)).

As explained above, Craig has failed to show that his trial defense is or will be antagonistic with the expected defense of a codefendant. Accordingly, he may not seek severance based on his right against self-incrimination.

### F. Spillover Evidence

In his motion, Craig states that he "has a very reasonable concern that he could be grouped in to the actions of other co-defendants" regarding the conduct charged in Counts Two and Three – the murders of confidential informant Tony Lewelling and his wife Penny.

The United States Supreme Court has held that severance may be justified when:

> evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial …. When the risk of

> prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in *Richardson v. Marsh*, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.

*Zafiro*, 506 U.S. at 539 (internal citations omitted).

When considering severance based on evidentiary concerns, "the mere presence of a spillover effect does not ordinarily warrant severance." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993). Rather, "[t]he risk of prejudice will vary with the facts in each case ...." *Zafiro*, 506 U.S. at 539. In seeking to show prejudice based on the potential presentation or exclusion of evidence, conclusory allegations of prejudice are insufficient to justify severance. *See United States v. Parker*, No. 5:09-cr-18, 2010 WL 1413086, at *2 (S.D. Miss. Apr. 1, 2010) (denying severance where defendant did "not offer any supporting law for his position nor ... state what evidence may be prejudicial or inadmissible against him"). As a general rule, even where prejudice has been shown, "severance is not the proper means of confining 'spillover' evidence. The pernicious effect of [ac]cumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the government." *United States v. Allen*, No. 3:10-cr-333, 2011 WL 2326972, at *2 (N.D. Tex. June 14, 2011) (citing *United States v. Piaget*, 915 F.3d 138, 142 (5th Cir. 1990)).

Although Craig does not expand on his argument regarding evidence in his motion, his reply argues that he will be prejudiced by the murder-related evidence because: (1) he is the brother of one of the defendants' charged with the murder; (2) he was present at the meeting at which Steven and Jones learned of Lewelling's status as a confidential informant; and (3) the evidence related to the murder will be "highly inflammatory" and the jury "will infer some type of guilt toward Craig Haynes when his counsel does not cross-examine" on the evidence related to the murders. In advancing these arguments, Craig relies on three cases: *United States v.*

8

*Erwin*, 793 F.2d 656 (5th Cir. 1986); *United States v. Cortinas*, 142 F.3d 242 (5th Cir. 1998); and (3) *McRae*.

In *Erwin*, the Fifth Circuit found that a defendant should have been severed where the charges against her were "only peripherally related to those alleged against the other [defendants such that] very little of the mountainous evidence was usable against her, and almost none if applied directly." 793 F.2d at 666. In *Cortinas*, the Fifth Circuit found prejudice requiring a severance of certain conspiracy defendants where the Government presented "highly inflammatory evidence" of a murder committed by co-defendants who joined the conspiracy after the defendants and who were otherwise not "associated" with the defendants." 142 F.3d at 248–49. Finally, in *McRae*, the Fifth Circuit reversed a denial of severance where a defendant in a non-conspiracy case was tried with co-defendants despite the fact "there was no evidence that he acted dishonestly or was in any way associated with the acts of his co-defendant officers in obstructing justice and covering-up evidence." 702 F.3d at 823. In reaching this conclusion in *McRae*, the Fifth Circuit noted that the testimony relating to the obstruction of justice and cover-up crimes, for which the defendant was not charged, was "emotion-charged" and consumed the bulk of the trial. *Id*. at 823, 825–26. It also noted that "notwithstanding that *no* conspiracy was charged among the defendants, ... the record strongly suggests that the government was attempting to try the cases against each defendant as a whole piece, in effect a conspiracy ...." *Id*. at 826 (emphasis in original).

The Court finds the facts of this case distinguishable from the authority cited by Craig. Here, unlike in *Erwin*, Craig is "charged with the conspiracy that forms the basis for all of the other charges in the indictment." *United States v. Flowers*, 304 F.R.D. 501, 506 (E.D. La. 2015). And here, unlike in *Cortinas*, Craig's "involvement with the conspiracy overlapped with the time

of the murder, and his co-defendants were not, as in *Cortinas*, unknown to him or operating wholly independently."[3] *United States v. Fernandez*, 559 F.3d 303, 318 (5th Cir. 2009) (internal quotation marks omitted). Finally, this case, unlike *McRae*, is a conspiracy prosecution and thus more strongly implicates the rule that those defendants indicted together should be tried together. *See United States v. Hankton*, No. 12-01, 2016 WL 4487744, at *14 (E.D. La. Aug. 25, 2016) ("Unlike *McRae*, this was a conspiracy case."). The cases on which Craig relies are thus inapposite. Accordingly, the Court turns to Craig's concerns regarding prejudice—specifically, the sibling relationship between him and Steven, his presence at the meeting with Steven and Jones, and the graphic nature of the murder evidence.

First, the Fifth Circuit has rejected as a ground for severance the argument "that the jury might ... attribute[] greater knowledge to [a defendant] of his brother's actions than in fact was the case, simply because they were brothers." *United States v. Partin*, 552 F.2d 621, 641 (5th Cir. 1977). Thus, the Court declines to find prejudice based on Craig's sibling co-defendant.

Next, the Court concludes that any potential prejudice arising from gruesome evidence and Craig's presence at the meeting may be cured by specific jury instructions. *See generally Posada-Rios*, 158 F.3d at 863–64 (potential prejudice caused by "evidence of crimes committed by co-conspirators, including gruesome murders, before [defendants] joined conspiracies" curable by instructions and other prophylactic steps); *Fernandez*, 559 F.3d at 317 (affirming denial of severance based on murders occurring during defendant's involvement with conspiracy because "[t]he district court emphasized that each charge against each defendant was to be considered separately"). Thus, all of Craig's arguments regarding spillover evidence are without merit.

---

[3] The Fourth Superseding Indictment charges that Craig was involved with the conspiracy "on or about January 2014 and continuing until June 2015," and that the murders of the Lewellings occurred on or about March 3, 2015.

### G. Length of Trial

Craig also contends that he will suffer prejudice because he will be "forced to sit through extensive testimony regarding two counts of murder which would take up the vast majority of the anticipated month-long trial in the instant case." In this regard, Craig's counsel has represented that a full joint trial will take approximately one month and that an individual trial would "last less than one week."

While an extended trial may contribute to a finding of prejudice in some cases, *McRae*, 702 F.3d at 825–26; the Fifth Circuit has "rejected the notion that the length of trial ... alone can establish ... compelling prejudice ...." *Posada-Rios*, 158 F.3d at 863 (5th Cir. 1998). Accordingly, where, as here, the only prejudice identified in a severance motion is curable through jury instructions and other prophylactic measures, the length of the trial cannot justify severance. *See, e.g., United States v. Doe*, No. 10-319, 2011 WL 13130815, at *2 (W.D. La. Dec. 29, 2011) (no severance where spillover evidence could be remedied by instructions and defendants argued "that the mere length of ... trial required severance"). Thus, the length of the trial does not justify severance either.

### IV
### Conclusion

In sum, Craig has not shown grounds which would justify an exception to the general rule that co-conspirators indicted together should be tried together. Accordingly, Craig's motion to sever [382] is **DENIED**.

**SO ORDERED**, this 29th day of November, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**